The State v. Carter.

---

THE STATE v. JOHN C. CARTER, *Appellant.*

1. **Criminal Law** : CONTINUANCE : DISCRETION OF TRIAL COURT. The appellate court will not interfere with the discretion invested in the trial court in overruling applications for continuance, unless that discretion has been unsoundly or oppressively exercised.

2. ———— : ———— : ————. Where a subpœna for witnesses was issued and served in September, 1887, in the county of the trial which was not had until April, 1888, when an application for continuance was made on account of their absence and overruled, it being stated that the witnesses were out of the state, but it not being shown when they left, or that defendant did not know that they intended to go or had gone, or that he had made any effort to procure their depositions, the action of the trial court will not be disturbed upon appeal.

3. **Practice, Criminal** : REMARKS OF COUNSEL : APPELLATE PRACTICE. Where it does not appear from the bill of exceptions that any objection was made or exception saved to alleged improper remarks of counsel for the state in his argument to the jury in a criminal trial, that question will not be considered in the appellate court.

4. ——— : ———. Improper remarks, if made, should be preserved in the record. Simply reciting them in the motion for new trial is not proof of the fact that they were made.

5. Criminal Law : DRUNKENNESS. Voluntary drunkenness or intoxication furnishes no excuse for a crime committed under its influence ; nor does it mitigate the crime.

*Appeal from Barry Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Thos. M. Allen* for appellant.

(1) The court below erred in overruling the motion for a continuance, thereby forcing defendant to trial in the absence of material and important evidence in this case. *State v. Klinger*, 43 Mo. 127 ; *State v. Berkley*, 92 Mo. 41 ; *State v. Hickman*, 75 Mo. 416. (2) In a case of indictment for assault to commit rape, the gist of the offense consists in the intent with which the alleged assault was committed, and must be proved like any other fact and be submitted to and passed upon by the jury ; and the court, in refusing to submit the question to the jury, to be passed upon by them, committed reversible error. *State v. Painter*, 67 Mo. 84. And while some of the courts hold that drunkenness is no defense of crime, still, in cases of this kind, when it is shown that defendant was wholly incapable of forming any intent, that should be taken into consideration in connection with the other circumstances in the case. *Hopt v. People*, 104 U. S. 631 ; *State v. Sneed*, 88 Mo. 139 ; *State v. Fletcher*, 54 Mo. 424. (3) The court committed error in permitting the prosecuting attorney to remark as to what defendant did not testify to. *State v. Graves*, 95 Mo. 510 ; *State v. King*, 64 Mo. 591 ; *State v. Zumbunson*, 86 Mo. 111 ; *State v. Lee*, 66 Mo. 165 ; *Morble v. Walters*, 19 Mo. App. 134 ; *Brown v. Railroad*, 66 Mo. 299.

*John M. Wood,* Attorney General, for the State.

(1) Drunkenness is no defense of crime. *State v. Lowe,* 93 Mo. 547; *State v. Sneed,* 91 Mo. 552; *State v. Ramsey,* 82 Mo. 133; *State v. Edwards,* 71 Mo. 312; *State v. Pitts,* 58 Mo. 556. (2) The court did not err in overruling defendant's application for a continuance, because the same is insufficient. It fails to show due diligence on the part of defendant. The absent witnesses were served March 10, 1887, and the trial was had April, 1888, over a year afterward. The affidavit says that one of the witnesses is in Choctaw nation and the other in Boise City, Idaho. It does not show when they departed or how long they had been there, or whether defendant had knowledge of their intention to leave before they departed, or whether any efforts had been made before or since they left to take their depositions. For aught that appears, the defendant had ample opportunity to take their depositions before the case was called for trial. Nor does the application show any probability of procuring their testimony at the next term. The discretion invested in the trial court was neither unsoundly nor oppressively used, and this court will not interfere. *State v. Wilson,* 85 Mo. 134; *State v. Bryant,* 93 Mo. 273; *State v. Fox,* 79 Mo. 109; *State v. Ward,* 74 Mo. 253; *State v. Williams,* 69 Mo. 110; *State v. Lange,* 59 Mo. 418; *State v. Green,* 13 Mo. 383; *State v. Lawther,* 65 Mo. 455. (3) No exceptions were saved to the admission or exclusion of evidence, and this court will not review the action of the court in that respect. *State v. Havens,* 95 Mo. 167. (4) The improper remarks alleged to have been made by counsel for the state nowhere appear in the record. The statement in the motion for a new trial is not proved by the motion itself, and no exceptions were saved at the time to any such remarks. *State v. McDaniel,* 94 Mo. 301; *State v. Hicks,* 92 Mo. 431.

BLACK, J.—The defendant stands convicted of an assault with intent to commit rape on Myrtle Burton, a girl between twelve and thirteen years of age. Defendant was an old acquaintance of the Burton family, and often stopped with them at Cassville where the girl's parents kept a boarding house. He resided fourteen miles distant and is a married man, sixty years and upwards of age. He left the Burton house for his home about one o'clock in the afternoon in a two-horse one-seated open hack, taking the girl with him to give music lessons to his daughters. He stopped his team at three different watering places on the road, and on each occasion he made a mixture of alcohol, water and sugar, which he and the girl drank. She says he forced her to drink it, and he says he offered it to her and she drank of her own volition.

When they reached the village of Golden, some two or three miles from the defendant's house, he was under the influence of the alcohol, and the girl was intoxicated. Three or four women, who passed defendant on the road after he left Golden, testified that he spoke to them with an oath, that the girl was then lying down in the seat with her head in defendant's lap, that his team was in a trot, and that the outside traces and one line were dragging on the ground. In less than an hour, these women returned and found the defendant's horses in the road detached from the vehicle. They and some other women went in search of defendant and found him one hundred and fifty yards from the main road on a by-way. Several of them testified that the little girl was down in the hack in front of the seat; that defendant was on top of her; that she was screaming; that when defendant saw them, he slipped out of the hack over the front wheels, and that his pants were open in front. The women ran away and informed Mr. Hale of what they had seen. He says when he got to the hack he found defendant sitting up in it; that on inquiry as

to where the girl was, defendant said "what do you want to know about her;" he then said she ran away, giving the direction.

It appears the girl got out of the hack, went to a house not far off, and when she reached the house she was excited, crying and intoxicated. She testified that defendant pulled up her clothes when in the hack; that when she left he threatened to kill her if she did not come back, but she went on. Other evidence is to the effect that the garment next her person was wet, cut or torn, and that the parts were irritated and swollen. Some of the evidence is that on the next morning she said defendant did not mistreat her, only made her drunk; other witnesses testify that she said he attempted to violate her person.

For several days defendant secreted himself in the woods and hills, but he says he did this to avoid a threatened mob, and not to avoid arrest. There is other evidence of less importance; but enough has been given to show, without comment, that the evidence is more than sufficient to support the verdict. The objection to that effect is untenable and without merit.

1. From the affidavit for a continuance, it appears a subpœna was issued for the absent witness in September, 1887, and served on the same day alleged to be March 10, 1887. There is some mistake in these dates, but assume that they were served in Barry county as late as September, 1887; still this case did not come on for the second trial until April, 1888, at which time the application was made. It is stated that at the time of the trial one of the witnesses resided in the Choctaw nation, and the other in Idaho; but it does not appear when they departed the state, nor that defendant was without knowledge that they intended to go or had left the state. No effort to procure their depositions is disclosed; and for ought that appears defendant had ample time to procure their evidence. This court will

not interfere with the discretion invested in the trial court in overruling applications for continuances, unless that discretion has been unsoundly or oppressively exercised, which does not appear in this case.

2. It does not appear from the bill of exceptions that any objection was made or exception saved to the alleged improper remarks of the assistant prosecuting attorney in his closing argument to the jury, and for that reason no such question is before us for consideration. *State v. West*, 95 Mo. 142. Besides this, the alleged remarks are not preserved in the record, simply recited in the motion, and that is no proof of the fact that the remarks were made. The improper remarks, if any were made, should have been preserved in the record. *State v. McDaniel*, 94 Mo. 302.

3. Objection is made to the giving and refusing to give instructions on the subject of drunkenness on the part of defendant. The fifth instruction given by the court concludes: "In other words, if the defendant, of his own will and choice, drank intoxicating liquor until he made himself drunk while traveling with Myrtle Burton, and while drunk, and however drunk he may have been, assaulted her with the intent to ravish her, he is criminally responsible for the act the same as if he had been sober at the time of the assault. But notwithstanding you may find the defendant was drunk, it is still your duty to consider whether or not he in fact purposely made an assault on Miss Burton with the intent by force and against her will to ravish her, and if on this point you have, on considering all the evidence, a reasonable doubt you will acquit." And the court refused to instruct that if the defendant was drunk to such an extent that he could not form or have a purpose or intent to rape, then the finding should be for defendant, unless he formed the purpose or intent before his mind was so beclouded as to render him incapable of forming a criminal intent.

It has been the constant and uniform ruling of this court from an early day that voluntary drunkenness or intoxication furnishes no excuse for a crime committed under its influence; nor does it mitigate the crime. *State v. Edwards*, 71 Mo. 312, and prior cases there cited; *State v. Ramsey*, 82 Mo. 133; *State v. Lowe*, 93 Mo. 547. Many of these rulings have been made notwithstanding the court was cited to authorities holding a different doctrine in a class of cases where the intent to do a specific act is essential to make out the case for the state. If a man of sound mind will, of his own choice, put himself in a condition to do mischief generally, it is against sound public policy to relieve him from the consequences of the wrongful act whilst in that condition. The act of making himself drunk and the criminal act committed whilst drunk combine and the criminal act takes its beginning in becoming intoxicated. To say that a man, in the possession of his faculties, to whom the care of a mere child is confided may make himself beastly drunk, and then ravish or attempt to ravish her, without criminal responsibility, is contrary to a due administration of the law. The instruction given is favorable to defendant, and the instructions as a whole are also favorable to him and cover the entire case.

As before stated or intimated, it is not our province to try the case on the facts, and since there is much evidence to support the verdict, the judgment must be and is affirmed. SHERWOOD, J., absent; the other judges concur.