THE STATE v. MOXLEY, *Appellant*.

Division Two, May 16, 1893.

1. **Criminal Law**: MURDER IN FIRST AND SECOND DEGREES: ELECTION BY STATE FOR LESSER OFFENSE. The trial court may properly permit the prosecuting attorney to elect to prosecute a defendant, under indictment for murder in the first degree, for murder in the second degree, and this too before the selection of the traverse jury. (*State v. Talmage*, 107 Mo. 549, followed.)

2. ———: MURDER IN SECOND DEGREE: INSTRUCTIONS. The instructions in this case which were confined to the crime of murder in the second degree approved and the verdict of conviction affirmed.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

The indictment charged the defendant with the murder of his wife by an act of violence which broke the cervical vertebræ, thereby causing her death.

Another count charged the death to have been caused by strangling, etc., etc. There were several counts which varied the method of charging the offense.

The homicidal act charged to be murder in the first degree is alleged to have occurred on the twelfth of October, 1885. On a former occasion this cause was here on defendant's appeal (102 Mo. 374), when the judgment was reversed because of the occurrence of several errors. Since then the cause has been retried

on the theory announced as to the correct one by this court, both as to the reception of testimony and instructing the jury. The former trial resulted in a conviction of murder in the second degree, the punishment being assessed at twenty years in the penitentiary; the recent one in a conviction of a like grade of offense, the punishment being fixed at fourteen years.

At the close of the trial, the court, at the instance of the state, gave the following instructions:

"1. The jury are instructed that if they believe from the evidence beyond a reasonable doubt that the defendant, Marion Moxley, on or about October 12, 1885, in Chariton county, Missouri, wilfully, feloniously, premeditatedly and of his malice aforethought killed Mary Moxley in the manner and by the means specified in the indictment, then they must find him guilty of murder in the second degree, and will assess his punishment at imprisonment in the penitentiary for a term of not less than ten years.

"2. 'Wilfully' as used in these instructions means intentionally, not accidentally; 'malice aforethought' as used in the instructions in this case means wickedness of purpose previously formed, though it may not be formed but for a moment; 'premeditatedly' means thought of beforehand, for any length of time however short; by the term 'feloniously' is meant wickedly and unlawfully, from a depraved heart, or a mind which regards not social obligation but is fatally bent on mischief.

"3. The doubt which will authorize an acquittal of the defendant must be a real, substantial doubt, arising from the insufficiency of the evidence, and not a mere possibility that the defendant is innocent.

"4. If the jury find the defendant guilty of murder in the second degree, the verdict may be in the following form:

'STATE OF MISSOURI
v.
'Marion Moxley.

'We the jury find the defendant guilty of murder in the second degree and assess his punishment at imprisonment in the penitentiary for a term of ⸺ years.

'⸺⸺⸺⸺⸺,
'Foreman.' ''

On behalf of the defendant the court then gave the jury the following instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, to-wit:

"1. The court instructs the jury that the law presumes the defendant innocent in this case, and not guilty as charged in the indictment; and that you should act on this presumption and acquit the defendant unless the state by evidence satisfies you of his guilt beyond a reasonable doubt.

"2. The jury are instructed that the indictment in this case is of itself a mere formal accusation or charge against the defendant, and is not of itself any evidence of defendant's guilt; and no juror should permit himself to be to any extent influenced against the defendant because or on account of the indictment in the case.

"3. The prosecution seeks a conviction in this case upon circumstantial evidence alone. The court therefore instructs you that you cannot convict the defendant unless the state has proven his guilt from the evidence beyond a reasonable doubt, by facts and circumstances all of which are consistent with each other and with his guilt, and absolutely inconsistent with any reasonable theory of innocence.

"4. Unless the facts and circumstances as shown by the evidence point so clearly and conclusively to the

defendant's guilt, that the death of Mary Moxley cannot be reasonably accounted for upon any other theory than that of his guilt, you must find defendant not guilty.

"5. The court instructs the jury that it devolves upon the state to show by the evidence to the satisfaction of the jury, beyond a reasonable doubt, every material fact necessary to constitute the crime with which the defendant stands charged; and if the jury have a reasonable doubt, arising from the insufficiency of the evidence, of the existence of any such material fact, the jury will acquit.

"6. Although the jury may believe from the evidence that defendant made statements to various persons concerning the manner or circumstances concerning the death of his wife, still, if such statements were made casually, in the course of ordinary conversations, they should be considered with great caution, because of the liability of witnesses to forget or misunderstand what was really said, or intended.

"7. The mere fact that deceased came suddenly to her death is not sufficient to warrant you in finding that death was the result of a criminal act. The prosecution has undertaken to prove that the death of Mary Moxley was caused by injuries inflicted upon her with force and violence by her husband; and unless such proof has been made to your satisfaction beyond a reasonable doubt, then you are bound to presume that Mrs. Moxley died from some other cause, no matter whether the evidence shows what that cause was or not.

"8. It is an admitted fact that Mary Moxley and this defendant were man and wife at the date of the death of said Mary Moxley; and if the jury find from the evidence in this case that defendant treated the said Mary Moxley kindly, this fact raises a presump-

tion of innocence in his favor. This presumption is in addition to the ordinary presumption of innocence, and the state is required to overcome both of these presumptions and establish by evidence the guilt of defendant beyond a reasonable doubt, before you can find defendant guilty.

"9. The previous good character of the defendant, if proved to your satisfaction, is a fact in the case which you ought to consider together with all other facts in evidence in passing upon the question of his guilt or innocence of this charge, for the law presumes that a man whose character is good is less likely to commit a crime than one whose character is not good.

"10. If the jury find the defendant not guilty your verdict may be in the following form, namely:

'STATE OF MISSOURI ⎫
     *v.*        ⎬
'Marion Moxley. ⎭

         'We the jury find the defendant not guilty as charged.     '———————————,
                                'Foreman.' "

Defendant also asked the court to grant him the following instruction numbered 11, to-wit:

"11. The jury are instructed that in this case you will find the defendant guilty of murder in the first degree or acquit him," which last instruction the court refused to give.

The testimony adduced at the former trial is not materially variant from that presented in the present record, and will be adverted to hereafter.

*W. W. Rucker, S. C. Major* and *Crawley & Son* for appellant.

(1) The court erred in permitting the prosecuting attorney to elect to prosecute for murder in the second

·degree.   The conclusion reached in *State v. Talmage*, 107 Mo. 543, is not supported by the Missouri authorities cited to sustain it.   See Revised Statutes, 1889, .secs. 3949, 4115; *State v. Lowe*, 93 Mo. 547; *State v. Keeland*, 90 Mo. 337; *State. v. Nelson*, 88 Mo. 126; *State v. Wagner*, 78 Mo. 644; *State v. Burk*, 89 Mo. 635. (2) It was error in the circuit court to compel defendant to accept and make his challenges from a panel ·containing but thirty men.   "The defendant in every indictment for a criminal offense  shall be entitled to a peremptory challenge of jurors, as follows:   *First*, if the offense charged is punishable with death, or by imprisonment in the penitentiary not less than for life, to the number of  twenty."   Revised Statutes, 1889, sec. 4200.   "There shall be summoned and returned in every criminal cause, a number of qualified jurors equal to the number of peremptory challenges and twelve in addition;  and no party shall .be required to make peremptory challenges before a panel of such number of competent jurors shall be obtained."   Revised Statutes, 1889, sec. 4203.   (3) There was no testimony ·offered on the part of the state sufficient to warrant the submission of the case to the jury; and defendant's instruction in the nature of a demurrer to the the evidence, ought, therefore, have been sustained.   (4) Defendant's eleventh instruction should have been .given.   If it be possible to conceive of his guilt from the evidence, then, most assuredly, he is guilty of deliberate murder, or nothing.   (5) Upon the record .appellant asks this court to discharge him.   When to the ordinary presumption of innocence, common to all who are accused of crime, is added the further presumption arising from the relation the parties sustained to ·each other, the few vagrant facts and circumstances upon which the present conviction rests, become insig-

nificant and contemptible. *State· v. Moxley*, 102 Mo.. 374; *State v. Leabo*, 84 Mo. 168.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, assistant, for the state.

(1) The indictment is sufficient, Revised Statutes, 1889, sec. 643; *State v. Moxley*, 102 Mo. 383. (2) There was no error in permitting the state to waive its right to prosecute for murder in the first degree and to elect· to prosecute him for murder in the second degree. *State v. Jones*, 106 Mo. 302; *State v. Keeland*, 90 Mo. 340. (3) Defendant being on trial for murder in the second degree was not entitled to a panel of forty jurors, Revised Statutes, 1889, sec. 4200; *State v. Talmage*, 107 Mo. 549. (4) Instructions 1, 2 and 3 given at the request of the· state were approved on the former appeal. *State v. Moxley*, 102 Mo. 374. (5) There was no evidence upon which to predicate an instruction for murder in the first degree. Where, as is in this case, the testimony fails·to show deliberation, an instruction for murder in the first degree would be unwarranted, unauthorized and not supported by the testimony. *State v. Wilson*, 86 Mo. 520; *State v. Wilson*, 16 Mo. App. 550; *State v. Brady*, 87 Mo. 142, 144; *State v. Wilson*, 88 Mo. 13, and cases cited; *State v. McKinsey*, 102 Mo. 620; *State v. Doyle*, 107 Mo. 36. (6) Where the indictment in several counts charges the different means by which the offense had or might have been committed, it is unnecessary for the verdict to specify upon which count the jury found defendant guilty. A general verdict is sufficient. *State v. Brooks*, 92 Mo. 584; *State v. Blair*, 69 Mo. 317; *State v. McDonald*, 85 Mo. 539; *State v. Miller*, 67 Mo. 604; *State v. Sivils*, 105 Mo. 530; *State v. Elvins*, 101 Mo. 243; *State v.*

*Jackson*, 99 Mo. 60; *State v. Montgomery*, 98 Mo. 399; *State v. Robb*, 90 Mo. 30.

SHERWOOD, J.—I. The first point requiring attention is whether the prosecuting attorney was properly allowed to exercise the right of election to prosecute the defendant for murder in the second degree, and this prior to the selection of the traverse jury. This point was thus ruled in *State v. Talmage*, 107 Mo. 549, but it must be confessed that there is no express authority in the *statute* for it. But it is said by an eminent text-writer that the legal representative of the government may declare that he will no further prosecute the particular indictment or some designated part thereof; and this *nolle prosequi* may well go to the whole of an indictment, to one or more of its counts, or even to a separable part of any one count. 1 Bishop on Criminal Procedure, secs. 1387, 1391; *Com. v. Tuck*, 20 Pick. 356, and other cases.

In an indictment for murder in the first degree under our statute every grade and every degree of criminal homicide, from the highest to the lowest, is embraced; it is, in short, in legal effect an aggregation of separate and distinct counts; so that the virtual action of the prosecuting attorney in the present instance was simply to enter a *nolle* as to separable parts of each of the counts of the indictments, thereby eliminating therefrom the counts charging murder in the first degree. That this could be done *after* the impaneling of the jury is not questioned, nor could it be. No substantial difference is perceived between entering a partial *nolle* before trial begun and afterwards; indeed the former course is to be commended as a saving of both time and costs. These remarks dispose of the action taken by the prosecuting officer,

as well as of the refusal of the court to give the eleventh instruction asked on behalf of the defendant.

II. The other instructions given as heretofore set forth are in full conformity with our views and suggestions made when this cause was here before and leaving nothing to be desired.

III. It only remains to speak of the testimony. It is claimed to be wholly insufficient to support the verdict. This contention was urged on the former appeal, but we refused to recognize it as possessing any merit. We refer to our previous opinion for comments upon this head.

There are several circumstances in this record strongly indicative of innocence; but on the other hand there are others which indicate guilt. The evidence is wholly circumstantial, and taken all in all is far from being entirely satisfactory; but we cannot say that there is no evidence, which, if believed by the jury, is not sufficient to show the guilt of the defendant beyond a reasonable doubt.

There are no *indicia* of prejudice or passion contributing to produce the verdict; three juries of his own countrymen have pronounced the defendant guilty, and it is neither our duty nor our province to interfere. Had we sat on the jury, it may be that we would have favored the conclusion reached by those physicians who were of opinion that the death of Mrs. Moxley in all probability resulted from natural causes, rather than the opinion of those who seem to be less skilled in their profession, and who took the opposite view, that she died at the hand of violence; but this circumstance cannot alter our duty in the premises, nor induce us to usurp the province of the triers of the facts.

Therefore, judgment affirmed. GANTT, P. J., concurs; BURGESS, J., not sitting.