The State v. Banks.

THE STATE v. BANKS, *Appellant*.

Division Two, November 21, 1893.

1. **Practice, Criminal:** VERDICT, WHEN NOT DISTURBED. When an inference of guilt can be reasonably drawn from the evidence in a criminal cause, the supreme court will *not interfere with the verdict* on the ground of the insufficiency of the evidence to support it.

The State v. Banks.

2. ———: INSTRUCTIONS. It is not error to refuse instructions, even. though correct, when the principles they declare are embraced in. others given.

3. ———: CONTINUANCE. It was not error to deny an application for a. continuance after the cause had been transferred to another county upon change of venue, and at the fourth term after the indictment was: found, because of the absence of a material witness, where a contin— uance had once been granted because of the absence of the same wit— ness and it appeared from defendant's affidavit that the witness had. no permanent residence and that it was not probable his testimony could ever be secured.

4. ———: ———: DISCRETION OF TRIAL COURT. The discretion of passing upon an application of a defendant for continuance is largely accorded to the trial judge, and unless it clearly appears that such. discretion has been abused to the prejudice of the defendant's rights,. the appellate court will not interfere.

5. ———: ——— ———. Defendant cannot complain of the refusal of the trial court to grant a continuance on the ground of the absence of a witness, where the latter was brought in by attachment before the reading of the instructions to the jury and the defendant given an. opportunity to examine him, which he declined to do.

*Appeal from Johnson Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The uncontradicted testimony of all the wit- nesses, save the defendant, presents a case of murder in the first degree, and establishes the guilt of defendant of that offense beyond all question, and the court was authorized under that testimony to submit the question of defendant's guilt or innocence to the jury, and hence the suggestion of appellant's counsel in their motion for a new trial, that the verdict is against, and unsupported by, the testimony, is not well taken, and must be determined against them. *State v. Orrick*, 106.

Mo. 111; *State v. Moxley*, 115 Mo. 644; *State v. Jackson*, 106 Mo. 181. (2) No error was committed by the trial court in overruling defendant's application for a continuance. *State v. Dusenberry*, 112 Mo. 277; *State v. Sneed*, 91 Mo. 552. There must be, and is, accorded to the trial judge largely the discretion of passing upon the application of a defendant for a continuance, and unless it clearly appears that this discretion has been abused, this court will not interfere. *State v. Gamble*, 108 Mo. 500; *State v. Marshall*, 115 Mo. 383; *State v. Steen*, 115 Mo. 474; *State v. Carter*, 98 Mo. 176.' As to the witness Frazier, the record shows that he was brought into court and tendered to defendant; that the court announced to the defendant's counsel that the witness was present, and they would be permitted to examine him; this they declined to do.

BURGESS, J.—Defendant was convicted at the April term, 1893, of the criminal court of Johnson county, of murder in the first degree for shooting with a pistol and killing one Isaac Palmer at Sedalia, Pettis county, on the twenty-ninth day of August, 1892. The indictment was found in the latter county where the offense was committed, and the venue subsequently changed on the application of defendant to the criminal court of the county of Johnson.

At the April term, 1893, of the Johnson criminal court, the defendant filed his third application for a continuance on the ground of the absence of witnesses and the second application on account of the absence of one John Williams and one Nelson Frazier, which was by the court overruled. An attachment was issued for Frazier and he was brought into court during the trial. The case is here on defendant's appeal. No brief has been filed on behalf of defendant.

The evidence discloses the following state of facts:

On the twenty-ninth day of August, 1892, several negroes had congregated in the "Main street" pool room at Sedalia. This pool room was conducted by two negroes, and in it was a pool table, billiard table, card table, a stove and some chairs; among several negroes present were the defendant, Banks, and the deceased, Palmer; immediately before the difficulty, the deceased was sitting on the pool table in the south side of the pool room, and defendant was at the northeast corner of the pool room; after some talk between the deceased and defendant about a game of craps, the defendant started walking in the direction of the deceased with a drawn revolver in his hand saying, "You have been bulldozing me all the time." When deceased replied he "hadn't been doing anything to him." Defendant said, "I have a notion to shoot you," put his pistol in his pocket and went around where deceased was sitting on the table, and said: "I will fight you a fair fist fight if you want to fight," when deceased replied: "I do not want to fight; I do not want to fight you," and as defendant advanced toward deceased, deceased got down off of the table and started in the opposite direction, toward the door leading into the street. Defendant quickened his step and overtook him saying: "Don't you believe I will kill you?" and with his left hand pushed defendant's head to one side, and with a revolver in his right hand fired a shot that entered the right side of defendant's head, killing him instantly. Defendant then ran out of the back door into the alley, and several blocks away where he attempted to hide himself in a hedge fence, where he was discovered by the chief of police and arrested. Upon being secured, a revolver with four loaded chambers and one empty shell was found upon his person. Defendant attempts to excuse the murder on the theory that he fired the shot in self-

defense, and testifies that the deceased was advancing upon him at the time he fired the shot. In this statement he is contradicted by every eye witness to the shooting. Witnesses for defendant testify that the character and reputation of the deceased for peace and quiet was bad, and that he was generally regarded as a dangerous man. Had previously shot a man and had made threats against defendant which had been communicated to him. Upon the arrival of the constable a few minutes after the shooting, the body of the deceased negro was searched, and no weapons of any kind were found upon his person, nor in the pool room about him. Upon the case made by the testimony, the court instructed the jury as to murder in the first and second degrees and self-defense.

The first point made in defendant's motion for a new trial for our consideration is, that the verdict is against the evidence. It seems, from a careful reading of the evidence, that this position is not well taken, as it discloses a clear case of murder in the first degree, unless the defendant at the time of the homicide was acting in self-defense which was a question for the jury under the evidence and instructions. Besides, this court has uniformly held that when in a criminal cause the inference of guilt can be reasonably drawn from the evidence, it will not interfere with the verdict on the ground of insufficiency of the evidence to support it. *State v. Orrick*, 106 Mo. 111; *State v. Jackson*, 106 Mo. 181; *State v. Moxley*, 115 Mo. 644.

Another contention is that the court committed error in refusing to give instructions asked for by defendant, and giving instructions on the part of the state. A careful reading of the instructions will satisfy any judicial mind that there is no merit in this contention, as the instructions given presented fairly and pointedly every phase of the case disclosed by the

evidence.    In fact the instructions are to be commended. for their clearness, and they cover the entire case. While some of those asked by defendant, and refused, contained correct expositions of the law, the same matters embraced in them were included in the instructions which were given.

A further contention is that the court committed error in admitting illegal and irrelevant testimony, and in refusing to admit legal, relevant and competent evidence offered on the part of the defendant.    Nothing is suggested in the motion for a new trial wherein any such error was committed, and we have looked in vain through the record to find it.

After the panel of forty qualified jurors had been selected and the list delivered to defendant, he filed his third application for a continuance because of the absence of John Williams and Nelson Frazier, witnessess for defendant, by whom he alleged that he expected to prove certain facts material to his defense, which facts were set out.    The affidavit was in proper form, and no objection was taken to it on that account, but it was overuled because of the want of diligence on the part of defendant in obtaining the testimony of the two witnesses.    No error was committed by the court in overruling this application; the cause had been once continued because of the absence of the witness Williams and after the change of venue and at the fourth term after the indictment was found, defendant asked another and second continuance because of the absence of this same witness.    It appears from the affidavit that the witness Williams was a stranger, only temporarily in Sedalia, at the time of the homicide, and there was scarcely a probability that his testimony could ever be secured, as he seems to have been roaming about having no permanent place of abode.    The proper diligence was not exercised in trying to obtain his

deposition or attendance; *State v. Dusenberry*, 112 Mo. 277; *State v. Sneed*, 91 Mo. 552.

There should be, and is, accorded to the trial judge largely the discretion of passing upon the application of defendant for a continuance, and unless it clearly appears that such discretion has been abused to the prejudice of the rights of the defendant, this court will not interfere. We are not inclined to think that there was any abuse of discretion on the part of the court in overruling this application. *State v. Gamble*, 108 Mo. 500; *State v. Marshall*, 115 Mo. 383; *State v. Steen*, 115 Mo. 474; *State v. Carter*, 98 Mo. 176.

The record shows that the witness Frazier was brought into court under an attachment before the instructions were read to the jury, when the court announced to defendant's counsel that the witness was present and that they would be permitted to examine him if so inclined; they declined to do so, and defendant cannot now complain of the refusal of the court to grant a continuance on account of the absence of this witness.

The final contention is that the indictment is insufficient in law and does not charge any offense against the defendant, that nowhere in the body does it charge the defendant of murder, nor in the concluding clause does it use the word murder. There might be something in this position if it was sustained by the record, but is it not. The indictment concludes as follows: "And so the grand jury aforesaid upon their oath aforesaid do say that the said|Charles Banks and the said Isaac Palmer in the manner and by the means aforesaid, feloniously, willfully, deliberately, premeditatedly, and of his *malice aforesaid*, did kill and murder contrary to the statute in such cases made and provided and against the peace and dignity of the state." The indictment is according to the most approved form,

and contains every allegation necessary, and in no way is it defective.

The verdict is fully sustained by the evidence, and the case unusually well tried. There is no error apparent in the record. The judgment should be affirmed and it is so ordered. All concur.