THE STATE v. RUSSELL DEVORSS, Appellant.

Division Two, June 8, 1909.

1. **CONTINUANCE: Absent Witness: Grounds Not Apparent: Presumption.** In passing upon an application for a continuance, upon the ground that a witness whose testimony is alleged to be material is absent, the trial court has a large discretion, the exercise of which in a felony case will not be interfered with by the Supreme Court unless it be made to appear that such discretion has been unwisely exercised. And if it does not appear upon what grounds the application was denied, the presumption will be indulged that the ruling was correct, and that it was based upon good and sufficient reasons.

2. ———: ———: **For Purpose of Contradiction.** Where the facts stated in the application for a continuance to which the absent witness would testify if he were present or if his deposition could be obtained, are merely such as might be used for the purpose of contradicting the prosecuting witness in a carnal knowledge case, and where no foundation for her impeachment is laid therein by calling her attention to the time when and the place where she made the alleged contradictory statements, the application is insufficient.

3. ———: ———: **Diligence.** A statement in the application for a continuance that defendant had "used all the diligence in his power in endeavoring to locate said absent witness" is too general and is insufficient.

4. **CARNAL KNOWLEDGE: Evidence: Criminal Intimacy with Others.** In a prosecution of a defendant charged with having carnal knowledge of a girl under fourteen years of age, it is utterly immaterial whether or not any other man about the same time had sexual intercourse with her; and so the court properly ruled that defendant's counsel could not on cross-examination show that prosecutrix had said that about the time of the alleged rape another man had been intimate with her.

5. ———: Penetration: Intercourse. To fasten guilt upon a defendant charged with carnal knowledge of a female under fourteen years of age, it is not necessary to prove that he ravished her; but it is only necessary to show that she was under fourteen years of age at the time and that he had actual sexual intercourse with her; and penetration may be shown by facts and circumstances in evidence, such as the birth of a child following the unlawful connection. So that where prosecutrix testified that as she was going home from school defendant came out of some bushes on the side of the road, said to her, "Let me have some," grabbed hold of her, threw her down, pulled up her clothes, lay down on top of her, and had intercourse with her, and that subsequently she gave birth to a child, she could by the use of the word "intercourse" have meant nothing else than that he had actual sexual intercourse with her, and her testimony was sufficient to sustain the verdict of the jury to the effect that there had been actual penetration.

6. INSTRUCTION: Already Given. It is not error to refuse an instruction covering the same ground covered by one already given.

7. CONFLICT OF EVIDENCE: Interference. The weight of the evidence, if conflicting, is for the jury; and where there is substantial evidence of defendant's guilt in a carnal knowledge case, the Supreme Court will not hold it insufficient to convict, although defendant's testimony is in direct conflict with it.

Appeal from Holt Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

AFFIRMED.

*John W. Stokes* and *T. C. Dungan* for appellant.

(1) The trial court erred in compelling defendant to go to trial without his witness, Elsey Baker, or his testimony, by deposition. Said application showed due diligence on part of defendant, and that the absent witness was located, and a good probability of procuring his testimony, by deposition, at the next term of the court. Such refusal was not the exercise of a reasonable discretion upon the part of the trial court, in a case of the character and importance of the one at

bar. Nichols v. Grocer Co., 66 Mo. App. 321; Alt v. Grosclose, 61 Mo. App. 409; Const. of Mo., 1875, art. 2, sec. 22; State v. Anderson, 96 Mo. 241; State v. Burns, 54 Mo. 277; State v. Hesterly, 182 Mo. 29; State v. Dewitt, 132 Mo. 85; State v. Maddox, 117 Mo. 667; State v. Farrow, 74 Mo. 531. (2) The court erred in excluding evidence offered by defendant, on cross-examination, of the conversations had and statements made by the prosecutrix with and to Mrs. Peter Baker, the mother of the absent witness, Elsey Baker, concerning prosecutrix's conduct and relations with Elsey Baker and others, and concerning the acts or innocence of defendant. What prosecutrix said concerning this matter contradictory of her testimony certainly was competent, and would have greatly aided the jury in arriving at a correct and just verdict; such statements of the injured party are always admissible, if made against herself, or her previous statements, and the defendant was entitled to all of her contradictory stories and statements. ''The object of judicial investigation is the truth, and the tendency of modern ruling is, under reasonable rules, to exclude nothing that can throw light upon the transaction.'' Caughlin v. Hauessler, 50 Mo. 126; State v. Gabriel, 88 Mo. 631; State v. Cooper, 85 Mo. 250; State v. Earnest, 70 Mo. 520; People v. Howard, 76 Pac. 1116. (3) There was a total failure of proof of the existence of the substantial facts and acts necessary to constitute rape. The statement of prosecutrix that defendant had ''intercourse'' with her does not prove ''sexual intercourse,'' ''carnal knowledge,'' ''penetration,'' or ''forcible ravishment,'' nor could the existence of any of these elements of rape be reasonably inferred from such statement or from any other fact or facts proven in this case. R. S. 1899, sec. 2633; State v. Patrick, 107 Mo. 147; State v. Dalton, 106 Mo. 463; Hardtke v. State, 67 Wis. 552; People v. Howard, supra.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1)  The application for a continuance at the April, 1908, term, was properly overruled.  There had been two prior continuances of the case, one on account of the illness of one of defendant's counsel, and one by reason of the absence of this same Elsey Baker, on whose absence the application in question was based.  The court did not abuse its discretion, under all these circumstances, in overruling the application.  State v. Woodward, 182 Mo. 419; State v. Lynn, 169 Mo. 672; State v. Alred, 115 Mo. 473; State v. Wilson, 85 Mo. 139; State v. Webster, 152 Mo. 90. The applications filed, owing to the nature of their allegations, practically showed that Baker was a fugitive from justice.  Under such circumstances the discretion of the trial court was properly exercised. State v. Day, 100 Mo. 248.  The general statement in the application that defendant had "used all the diligence in his power to locate said absent witness" cannot cure the omission to set up facts showing that due diligence had been used.  State v. Webster, 182 Mo. 420. (2)  The court was right in excluding the question put to prosecutrix as to her "meeting the Baker boy about the same time" and the offer to show that prosecutrix was intimate with another.  Proof of Baker's guilt of rape under the statute would not exculpate defendant. The age of the victim and the act of the offender fix guilt without regard to the previous history of either party.  Sec. 1837, R. S. 1899.  (3) 1. Defendant was over fourteen years of age, and therefore beyond the succor of the common law presumption of incapacity.  State v. Handy, 4 Harr. (Del.) 567; Wharton's Crim. Law, sec. 551; McLain's Crim. Law, sec. 449; 3 Chitty's Crim. Law, pp. 810, 811.  2.  The testimony of the injured party, uncorroborated, is sufficient to support a conviction for rape.  State v. Marcks, 140 Mo. 668;

State v. Dusenberry, 112 Mo. 292.  3.  The evidence
in this case is substantial and direct and sufficient to
support the verdict.  State v. Matthews, 202 Mo. 147;
State v. Wilcox, 111 Mo. 575.  4.  No particular form
of words on the part of prosecutrix in relating the com-
mission of the offense is necessary.  In this case she
testified to the completed act.  State v. Hodges, 61 N.
C. (Phil. L.) 232; Bailey v. Com., 82 Va. 113; Duck-
worth v. State, 63 S. W. 874; State v. Armstrong, 167
Mo. 265.  This case is wholly unlike State v. Dalton,
106 Mo. 469.

BURGESS, J.—Under an information filed by the
prosecuting attorney of Holt county, charging the de-
fendant with the crime of carnally knowing one Armin-
da Vandever, a female child under the age of fourteen
years, he was, at the April term, 1908, of the circuit
court of said county, convicted of said offense, and
his punishment assessed by the jury at five years in
the penitentiary.  Motions for a new trial and in arrest
of judgment were duly filed by the defendant, and over-
ruled by the court.  It having been admitted at the
trial by counsel for the State that the defendant was
a minor, under sixteen years of age, at the time of the
commission of the alleged offense, the court ordered
him committed to the Missouri Training School for
Boys for a period of five years.  The defendant ap-
pealed.

The evidence for the State tended to prove that
the prosecuting witness, at the time of the commission
of the offense charged, was but thirteen years of age.
She testified that on her way home from school in Oc-
tober, 1906, she was accosted on the public road by
defendant, who emerged from some bushes on the road-
side; that he made an indecent proposal to her, and
then seized and threw her down, and had intercourse
with her.  She did not tell of her misfortune until the

following May, at which time, according to her mother's testimony, she "began to show."

Defendant testified in his own behalf that he was fifteen years of age on the 21st day of August preceding the trial, in April, 1908. He denied having had sexual intercourse with the girl at any time or place.

The first point presented for our consideration by this appeal relates to the action of the court in overruling defendant's motion for a continuance on account of the absence of a witness, one Elsey Baker, whose testimony was alleged to be material. Defendant insists that the court erred in overruling said motion. It does not appear upon what ground or grounds the motion was overruled, and the presumption must, therefore, be indulged that the ruling was correct, and for good and sufficient reasons, and the burden is upon defendant to prove the contrary. In passing upon a motion of this character the court has a large discretion, the exercise of which will not be interfered with unless it be made to appear that such discretion has been unwisely exercised. [State v. Hesterly, 182 Mo. 16; State v. Dettmer, 124 Mo. 426; State v. Banks, 118 Mo. 117.]

The case had been continued once on account of the illness of one of defendant's attorneys, and again on account of the absence of this same witness, Baker. Besides, according to the affidavit for continuance, the facts to which the absent witness would testify if present, or if his deposition could be obtained, were merely such as might be used for the purpose of contradicting the prosecuting witness, although no foundation for her impeachment had been laid by calling her attention to the time and place when and where she made the alleged contradictory statements. This should have been done, in order that she might not be taken by surprise and be unprepared to meet the issue. The prosecuting witness in this case is not a party to the prosecution, and has no pecuniary or personal interest

in it, and she, like any other witness for the State, could only be impeached by first laying a foundation therefor. [State v. Fitzgerald, 130 Mo. 407.] Moreover, the statement in the affidavit that the defendant had "used all the diligence in his power in endeavoring to locate said absent witness" is too general and insufficient. It should have stated all the facts, in order that the court might be in a position to judge as to whether due diligence was used.

It is next contended for the defendant that "the court erred in excluding evidence offered by defendant, on cross-examination, of the conversations had and statements made by the prosecutrix, with and to Mrs. Peter Baker, the mother of the absent witness, Elsey Baker, concerning prosecutrix's conduct and relations with Elsey Baker and others, and concerning the acts or innocence of defendant."

This, evidently, has reference to a question put to the prosecuting witness, upon her cross-examination, and which, upon objection by counsel for the State, the court did not permit her to answer. The question was: "I will get you to state, Minda, if about the time you speak of meeting Russell in the road there, if you didn't meet a Baker boy down there, in the brush, near the same place." Upon objection made, counsel for defendant explained that his object was to show that the prosecuting witness, about the time of the commission of the alleged offense, was intimate with Baker. As stated, the court sustained the State's objection.

It is utterly immaterial, under the statute, whether Baker or any other man had been guilty of raping the prosecuting witness. Such fact would in no way justify or excuse the conduct of the defendant. The child being under fourteen years of age, his act was a crime under the statute (Sec. 1837, R. S. 1899) regardless of whether she had been similarly treated by others.

It is insisted that there was a failure of proof in that there was no proof of penetration, in the absence of which there can be no rape.

Section 2633, Revised Statutes 1899, provides that "proof of actual penetration into the body shall be sufficient to sustain an indictment for rape." The prosecuting witness testified that she was going home from school when the defendant came out from some bushes on the side of the road and said to her, "Let me have some;" that he grabbed hold of her, threw her down, pulled up her clothes, lay down on top of her, and had intercourse with her.

The question, then, is, was this evidence sufficient to show sexual penetration? We think so, and the jury so found, or, at least, such is the effect of their verdict. To fasten guilt upon the defendant, it was not necessary to prove that he forcibly ravished Arminda Vandever, if she was under fourteen years of age at the time; but if he had sexual intercourse with her, as her testimony shows he had, that was sufficient. That penetration may be shown by facts and circumstances in evidence, if sufficient, there can be no question. [People v. Howard, 76 Pac. 1116.] For instance, if a child be born of unlawful connection, and in a prosecution against its father for rape, the female testify that the child was born of that connection, penetration would be shown by that fact. Now, if the prosecuting witness had only testified that the defendant had intercourse with her, and her testimony stopped at that, we concede there would be failure of proof as to penetration, but when we consider the facts testified to by her we can come to no other conclusion than that sexual penetration actually occurred. She meant nothing else by the use of the word "intercourse" and her testimony could have reference to nothing else. In Hardtke v. State, 67 Wis. 558, relied upon by the defendant, the evidence not only failed to show that the defendant in that case was guilty, but really showed

that he was not. Not so with the case at bar, in which, if the testimony of the prosecuting witness be taken narratively, and not disconnectedly, and the word "intercourse" be taken and viewed in part with all the facts testified to by her, it must be conceded that the jury might well have come to the conclusion that sexual penetration had actually occurred, notwithstanding the testimony of the defendant, that he had never had sexual intercourse with her. The weight of the testimony was for the jury. In State v. Marcks, 140 Mo. 656, it is said: "In a rape case, if the defendant testifies and denies the rape, and the prosecution stands alone, unsupported and uncorroborated, as in this case, there is no such equipoise of oath against each as will overthrow a conviction, and the prosecution will not on that account fail for want of sufficient evidence." The same rule is announced in State v. Dusenberry, 112 Mo. 277. We are unwilling to say that there was not sufficient evidence to take the case to the jury, or that the verdict was unauthorized by the evidence.

A further contention is that the court erred in refusing instruction number two asked by the defendant. This instruction is a substantial rescript of instruction number one, given in behalf of the defendant, and no error was committed in refusing it. It is not error to refuse an instruction covering the same ground as that covered by one already given.

Defendant asked, and the court refused to give, an instruction in the nature of a demurrer to the evidence, and in so doing the defendant insists the court erred. For reasons already given, we are of opinion that there was no error in refusing this instruction. The evidence, it is true, was conflicting, but its weight was for the consideration of the jury, who believed the story of the girl rather than that of the boy. The verdict was approved by the court, who heard the witnesses testify, and doubtless knew a number of the

jury, and under the circumstances we are not inclined to interfere, and must decline to do so.

The judgment is affirmed.

All concur.