STATE OF MISSOURI, Respondent, v. E. H. CHINN, Appellant.

Kansas City Court of Appeals, May 13, 1912.

1. **EVIDENCE: Leading Questions: Discretion of Court.** A trial judge may exercise a sound discretion in ruling on objections to leading questions and the appellate courts will not interfere with such rulings unless it appears that there was an abuse of discretion.

2. **WITNESSES: Local Option: Impeachment.** When a defendant in a criminal proceeding offers himself as a witness his credibility may be assailed by proof that he bears the reputation in the community of being guilty of offenses analogous to that for which he is being tried.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond*, Judge.

AFFIRMED.

*O. S. Barton, W. H. Rothwell* and *McBaine & Clark* for appellant.

*E. C. Anderson* and *W. H. Sapp* for respondent.

JOHNSON, J.—Defendant, a druggist in Roche-port, Boone county, was indicted, tried and convicted on a charge of selling one pint of whiskey to the prosecuting witness in violation of the Local Option Law. He appealed and the only errors he assigns in his brief relate to the rulings of the trial court on evidence. First, he contends the court erred in allowing a leading question to be asked by the prosecuting witness over his objection. The question, objection and answer were as follows:

"Q. I will ask you what, if any, whiskey you bought of Dr. E. H. Chinn during the month of July, 1910?

"By Mr. Barton: We object to the leading form of the question." Which objection the court overruled and to the action of the court the defendant and his counsel then and there at the time duly excepted and saved his exceptions.

"A. I bought one pint of whiskey."

Conceding that the question was leading it does not follow that the overruling of the objection offered by defendant is reversible error. A trial judge may exercise a sound discretion in such matters and the appellate courts will not interfere with rulings on leading questions except in cases where it appears there has been an abuse of discretion. We do not think defendant could have been injured by the form of the question and find the trial court acted within the bounds of its discretion. [State v. Napper, 141 Mo. 401; State v. Bateman, 198 Mo. 212; State v. George, 214 Mo. 262.]

Second, defendant insists that the state was permitted over defendant's objections to ask improper questions of witnesses introduced for the purpose of impeaching defendant after he had testified in his own behalf. The questions elicited testimony to the effect that defendant's reputation in the community as

a violator of the Local Option Law was bad and were not addressed to special instances of law breaking.

The rule in this state is that when a defendant offers himself as a witness his credibility may be assailed by proof of the fact that he bears the reputation in the community of being guilty of offenses against the law analogous to that for which he is being tried. Chronic law-breaking is a practice so immoral as to evince a lack in the offender of sufficient moral principle to enable him to tell the truth, especially in a case where the truth would hurt him. [State v. Oliphant, 128 Mo. App. 252; State v. Wilson, 152 Mo. App. 61; State v. Snider, 151 Mo. App. 699; State v. Christopher, 134 Mo. App. 6; State v. Shield, 13 Mo. 236; State v. Pollard, 174 Mo. 607; State v. Beckner, 194 Mo. 281.]

We hold the evidence was admissible.

The point made by defendant that the court "committed error in not confining evidence of appellant's character to his reputation prior to the filing of the indictment" was not included in the objections offered to the evidence and, consequently, is not before us.

The judgment is affirmed. All concur.