STATE OF MISSOURI, Respondent, v. E. H. CHINN, Appellant.

Kansas City Court of Appeals, March 3, 1913.

1. **WITNESSES: Impeachment: Criminal Law.** When the defendant in a criminal case offers himself as a witness his credibility may be assailed by proof of the fact that he bears the reputation in the community of being guilty of offences against the law analagous to that for which he is being tried.

2. ————: ————: ————. Proof of a general reputation of being guilty of offences analagous to that for which the accused is being tried, is proper evidence of impeachment.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*McBaine & Clark* for appellant.

*E. C. Anderson, E. W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for respondent.

JOHNSON, J.—In this case the only question argued was fully considered by us in another case appealed by defendant and was decided adversely to his position.  [State v. Chinn, 164 Mo. App. 124.]

An appeal was allowed to the Supreme Court on the ground that a constitutional question was involved but on motion of counsel for respondent the cause was transferred to this court. In their brief and argument counsel for defendant endeavor to procure a reversal of the judgment by invoking us to reconsider and overrule our decision on the former appeal prosecuted by defendant and to adopt and apply the opposite rule to that we therein declared to be the law. Our decision was based on the prior case of State v. Oliphant, 128

Mo. App. 252, wherein we held that when a defendant in a criminal case offers himself as a witness his credibility as a witness may be assailed by proof of the fact that he bears the reputation in the community of being guilty of offenses against the law analogous to that for which he is being tried. In support of that rule we observed that "knowingly to violate the law is a thing no moral man would do. It is a vice, the practice of which under the doctrine under discussion, implies that the offender may not possess sufficient moral principle to testify to the truth, especially in a case where the truth may be against his interest."

In that decision which was founded mainly on two Supreme Court cases, viz., State v. Pollard, 174 Mo. 607, and State v. Beckner, 194 Mo. 281, we recognized the rule that proof of specific acts of law violation is not impeaching evidence which must consist of proof of general reputation, but we held that proof of a general reputation of being guilty of offenses analogous to that for which the accused is being tried is proper evidence of impeachment.

Since the adoption and application of this rule in the Oliphant case it has been reaffirmed and applied by this court in a number of cases and by the Springfield Court of Appeals in State v. Wilson, 152 Mo. App. l. c. 67. Our attention has not been called by counsel for defendant who, in their brief, have industriously collected the authorities, to any decision of the Supreme Court of later date than the Pollard and Beckner cases that in any way impairs the rule we have been following and we perceive no reason for changing that rule.

The judgment is affirmed. All concur.